HAHN v. WATT.

(Supreme Court, Appellate Term. May 16, 1907.)

WORK AND LABOR—PROMISED PAYMENT—ACTION—INSTRUCTION.
    Where, in an action for work and material, defendant denied a promise to pay, and, though plaintiff testified to a direct promise, he also testified defendant had promised "to be security" for payment, it was for the jury to determine whether defendant's promise was an original undertaking to pay or a promise merely collateral to the original contract; and hence it was error to instruct that, if defendant told plaintiff, "Go ahead and do the work, and I will see that you are paid," verdict must be for plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by John Hahn against William G. Watt. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Reeves, Todd & Swain, for appellant.

Bernard J. Isecke, for respondent.

SEABURY, J. This action was brought to recover for labor performed as a plumber and for materials furnished at the request of the defendant and upon his promise to pay therefor. It was tried before the court and jury, and resulted in a verdict for the plaintiff. From the judgment entered upon the verdict, the defendant appeals.

The defendant did not own the premises upon which the labor and materials were furnished. The question at issue upon the trial was whether or not the defendant had ordered the work and promised to pay for it. Upon this issue there was a question of fact, and we would not feel justified in disturbing the judgment, except for the question presented by an exception to the charge. Although the plaintiff testified to a direct promise to pay for the work and materials, he also testified that the defendant had promised "to be security" for the payment to him. It was therefore important for the jury to determine whether the defendant had promised to be primarily liable for the debt, or whether he had assumed merely the secondary obligation of a surety. The court charged the jury that, if the defendant said to the plaintiff, "Go ahead and do the work, and I will see that you are paid," that the verdict must be for the plaintiff. To this charge the defendant duly excepted. This instruction was incorrect, and calls for the reversal of the judgment. As the defendant denied making any promise to pay, and in view of the plaintiff's own testimony, it was clearly for the jury to determine whether the promise of the defendant was an original undertaking to pay the debt, or a promise which was merely collateral to the original contract. Maddock v. Root, 72 Hun, 98, 25 N. Y. Supp. 396, affirmed 150 N. Y. 561, 44 N. E. 1125. The alleged statement of the defendant, "Go ahead and do the work, and I will see that you are paid," did not of itself establish an original promise.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.